Ludeling, C. J.
The administrator of the estate rendered an account and filed a tableau of distribution, which was duly advertised. Three oppositions were filed to the tableau of distribution, and on motion the account and tableau were homologated so far as not opposed. This order or judgment was not signed, so far as this record shows. This omission or neglect is attempted to be supplied by a memorandum, written on the margin of the page, on which the unsigned judgment of homologation is found, in the following words: “the original of this judgment having been duly signed on the account was lost or mislaid. J. GL, Deputy Clerk.”
This certificate or memorandum is unauthorized by law; and it can not supply the defect or omission. If the judgment was signed, the fact should have been proved like any other fact by legal evidence.
Besides, it appears that the account was homologated without proof, except that the account had been advertised. C. P. art. 1042 ; 21 An. 511; and 27 An., Succession of Dorville.
After this motion or order had been granted, a supplemental opposition was filed, objecting to the manner in which the proceeds of the personal property of the succession had been distributed. This was *668 objected to, but the judge allowed the opposition to be filed, and no bill of exceptions was taken to the ruling.
It appears that J. J. Haggerty was a judgment creditor for upwards of $12,000, and that the administrator had appropriated the proceeds of the personal property as well as of the real property of the succession to the payment of the judicial mortgage to the exclusion of the ordinary creditors. The judge a quo maintained the opposition of Claffln & Co. to this distribution, and directed that only the proceeds of the real property be applied to the payment of the judicial mortgage, and that the proceeds of the personal property be distributed among all the creditors. From this part of the decree J. J. Haggerty, the mortgage creditor, appealed.
And Thomas Dugan appealed from the judgment rejecting his claim for a privilege. Dugan had rented a store to deceased, and the claim, to secure which he pretends to have a privilege, was for damages done to the building. If the law gives a privilege for such a claim, unliquidated damages, the claim was not recorded, and the personal property in the leased premises has been removed from it.
We think the judgment of the district court correct.
It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.
Rehearing refused.